# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCELLOR WADE,<br><br>              Plaintiff,<br><br>    v.<br><br>CA DEPT OF CORRECTIONS &<br>REHABILITATION, et al.,<br><br>              Defendants. | Case No. 1:16-cv-01840-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE**<br><br>**(Doc. 17)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.      Findings

### A.      Background

Plaintiff, Chancellor Wade, is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on December 8, 2016.  (Doc. 1.)  It was screened and dismissed with leave to amend. (Doc. 11.)  On November 6, 2017, Plaintiff filed the First Amended Complaint, which is before the Court for screening.  (Doc. 17.)

### B.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. **Pleading Requirements**

### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### D. Summary of the First Amended Complaint

Plaintiff, who is no longer incarcerated, seeks money damages based on circumstances that allegedly occurred at the North Kern State Prison ("NKSP") in Delano, California. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"); Correctional Plant Manager II, Carol A. Swearingen; Chief Engineer I, Neil Erling; and Does 1-100 as Defendants in this action.

Plaintiff alleges he was housed at NKSP from September of 2012 through December of 2015. In October of 2014, the furnace that heats the five housing units in Facility A, where Plaintiff was housed, became and remained inoperable through the first week of January in 2015. The onset of cold weather began in November of 2014, with many days and nights below freezing in December of 2014. The cells had cement floors, walls, and ceilings. Moisture accumulated

and ran down the walls to the floor, where it occasionally formed a thin layer of ice.  Plaintiff states that it was so cold in his cell that he could see his breath when he exhaled.  Plaintiff wore socks on his hands and 3-4 pairs on his feet, but this was insufficient—his fingers and toes were in constant pain and sometimes went numb from the cold.   Although each inmate was given an extra blanket, it was not enough to protect them from the cold that permeated the housing units.  As a result of the cold temperatures, Plaintiff went into respiratory failure.  He was eventually diagnosed with bronchitis or asthma and was placed on steroids and inhalers, occasionally needing a breathing machine to relieve his symptoms.

Plaintiff alleges that Carol Swearingen was the Correctional Plant Manger II, Neil Erling was the Chief Engineer I, Does 1-100 worked under their supervision, and that they were all employees of the CDCR.  Plaintiff asserts claims under the Eighth Amendment for the conditions of confinement, for supervisorial liability, and for negligence.

As discussed in greater detail below, Plaintiff was previously given the applicable standards for the claims asserted in this action and informed of deficiencies in his factual allegations.  Despite this, the First Amended Complaint is exceedingly similar to and suffers from the same defects as the original Complaint.   It thus appears that Plaintiff is unable to state a cognizable claim and so as not to encourage fabrication, this action should be dismissed with prejudice.

### E.    Legal Standards

#### 1.    Eleventh Amendment Immunity

Although Plaintiff was informed in the first screening order that he may not assert an action against the California Department of Corrections and Rehabilitation, he continues to name the CDCR as a defendant in the First Amended Complaint.   The Eleventh Amendment prohibits federal courts from hearing suits brought against an non-consenting state.  *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is

named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).

"Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Because the California Department of Corrections and Rehabilitation is a state agency, it is immune to Plaintiff's claims under the Eleventh Amendment.

## 2. <u>Eighth Amendment -- Conditions of Confinement</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

For screening purposes, the extreme cold Plaintiff was forced to endure at NKSP is sufficiently serious to meet the objective prong. Plaintiff's allegations, however, fail to meet the

subjective prong. Specifically, Plaintiff fails to link Swearingen, Erling, or Does 1-100 to his factual allegations, and fails to show that they knew inmates were being exposed to extreme cold temperatures before Plaintiff raised the issue in an inmate appeal. Further, the rulings on Plaintiff's inmate appeal show that no work requests were submitted by Facility A Building personnel prior to Plaintiff's inmate appeal, which is dated January 5, 2015. However, once the matter was brought to light, a troubleshooting process was initiated which revealed that "all 15 outdoor duct furnaces had failures and/or cracks." (Doc. 5, p. 10.)[1] Replacement parts were obtained, installed, and all furnace units were fully operational by January 9, 2015. (*Id.*) As stated in the prior screening order, a four day turn-around from receipt of Plaintiff's inmate appeal to correction of the problem does not exhibit deliberate indifference to the matter. Further, Plaintiff's request for temporary space heaters in each cell was considered, but denied, as it would have overloaded the electrical system and resulted in "catastrophic electrical failures of equipment, panels, lighting, TV's, radios, etc." (*Id.*) As such, Plaintiff does not state a cognizable claim as he fails to show that Swearingin, Erling, or Does 1-100 knew of and deliberately disregarded an excessive risk to Plaintiff's health or safety.

Further, temporarily unconstitutional conditions of confinement, as alleged by Plaintiff here, do not rise to the level of constitutional violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) *ref Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (*abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered). Thus, Plaintiff fails to state a cognizable claim under the Eight Amendment.

### 3. <u>Supervisory Liability</u>

It is apparent that Plaintiff names Swearingin and Erling as defendants based on their supervisory positions. He alleges that these defendants failed to train and supervise their subordinates on the need to perform routine maintenance, inspection, and reporting of issues with

---

[1] Plaintiff submitted these exhibits roughly one week after he filed this action with an explanation that his failure to attach them to the Complaint was inadvertent. (Doc. 5.) However, Plaintiff fails to acknowledge their existence, let alone comment on their contents in the First Amended Complaint. (Doc. 17.) This appears to be an intentional omission by Plaintiff in an attempt to conceal facts which are fatal to his claims in this action.

the heating furnaces.  (Doc. 17, pp. 4-5.)

Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1949.  When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.  The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right."  *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

To state a claim for relief under this theory, Plaintiff must allege some facts that would support a claim that supervisory defendants either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001).  "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993). General statements that a supervisor failed to train or supervise their subordinates are legal conclusions that need not be accepted as true. *Iqbal*, 556 U.S. at 678. Thus, Plaintiff's mere conclusory allegations that Swearingin and Erling failed to train and supervise their subordinates on the need to perform routine maintenance, inspection, and report issues with the heating furnaces are insufficient to state a cognizable claim.

Plaintiff's allegations can also be construed to allege that by reviewing Plaintiff's IAs on this issue, Swearingin knew that Plaintiff was being exposed to cold temperatures and was deliberately indifferent. However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). Thus, liability does not attach to Swearingin merely based on her involvement in the processing of Plaintiff's inmate grievance.

Conversely, a plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). This may be shown via the inmate appeals process where the supervisor reviewed Plaintiff's applicable inmate appeal and failed to take corrective action, thereby allowing the violation to continue. However, as discussed above, the rulings on Plaintiff's inmate appeal reveal that no work requests were submitted by Facility A Building personnel. (Doc. 5, p. 10.) Once Plaintiff's inmate appeal, which he did not file until January 5, 2015, (*id.*, p. 3), brought the issue to light, a troubleshooting process was initiated which revealed the source of the furnace problem. (*Id.*) Replacement parts were ordered, installed, and all furnace units were fully operational by January 9, 2015—four days after

Plaintiff filed his inmate appeal regarding the issue. (*Id.*) Plaintiff's request for temporary space heaters in each cell was considered but denied as it would have overloaded the electrical system and resulted in "catastrophic electrical failures of equipment, panels, lighting, TV's, radios, etc." (*Id.*)

Based on the foregoing, Plaintiff does not state a cognizable claim as he fails to establish that either Swearingin, Erling, or Does 1-100 knew of and intentionally disregarded an excessive risk to his safety.

### 4. California's Government Claims Act

Plaintiff also seeks to pursue a negligence claim against the defendants under California law. Under the Government Claims Act ("GCA"),[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

//

---

[2] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

Federal courts likewise must require compliance with the GCA for pendant state law claims that seek damages against state public employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show he complied with the GCA, although he submitted the letter of rejection issued by the Board on August 28, 2015, which implies his timely compliance.  (Doc. 5, p. 16.)  However, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

It is recommended that jurisdiction over Plaintiff's claims under California law be declined as Plaintiff has failed to state a cognizable federal claim.

//

## II.  **CONCLUSION**

Plaintiff's First Amended Complaint fails to state any cognizable claims.  Given that the First Amended Complaint suffers from the same defects as Plaintiff's original Complaint, it appears futile to allow further amendment.  Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).  Accordingly, it is **HEREBY RECOMMENDED** that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __December 24, 2017__          _____/s/ *Sheila K. Oberto*_____

UNITED STATES MAGISTRATE JUDGE