1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 CHANCELLOR WADE,                          No. 1:16-cv-01840-DAD-SKO (PC)

12                 Plaintiff,

13         v.                                ORDER GRANTING PLAINTIFF
                                             EXTENSION OF TIME TO FILE APPEAL
14 CALIFORNIA DEPARTMENT OF                  AND DEEMING NOTICE OF APPEAL
   CORRECTIONS AND                           TIMELY FILED
15 REHABILITATION, et al.,
                                             (Doc. No. 24)
16                 Defendants.

17

18         Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil

19 rights action pursuant to 42 U.S.C. § 1983.  Judgment was entered in this case on May 18, 2018,

20 when plaintiff's claims were dismissed for failure to state a cognizable claim and the court

21 declined to exercise supplemental jurisdiction over his state law claims since no federal claims

22 remained in the action.  (Doc. Nos. 22, 23.)

23         Plaintiff filed a notice of appeal on July 9, 2018, along with a document titled "Motion for

24 Relief From Default From a Judgment, Order, or Proceeding (FRCP 60(B))."  (Doc. Nos. 24, 25.)

25 In his motion, plaintiff states that, though the order adopting the findings and recommendations

26 and judgment were dated May 18, 2018 and postmarked May 21, 2018, he did not receive them

27 until July 5, 2018.  (Doc. No. 24 at 1–2.)  The next day, July 6, 2018, plaintiff inquired as to cause

28 of the delay.  (*Id.*)  The mailman responded that sometimes mail is inadvertently misplaced or lost

1

within the postal facility, but once discovered, the misplaced mail is then properly routed. (*Id.* at 2.) Plaintiff asserts that excusable neglect and/or circumstances beyond plaintiff's control caused him to receive the court's prior order and judgment after the appeal deadline had elapsed, and that his notice of appeal should be deemed timely filed. (*Id.* at 2–3.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff fails to show newly discovered evidence, clear error, or an intervening change in the controlling law for reconsideration to be granted on the order which closed this action, or the judgment that was entered thereon. *Id.* at 880. Accordingly, reconsideration under Rule 60 is denied.

However, construed as a motion for extension of time to file an appeal, plaintiff's motion will be granted. A notice of appeal must be filed within thirty days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). The court may grant an extension of time to file an appeal if the motion seeking the extension is filed no later than thirty days after the thirty-day period in Rule 4(a)(1) expires. Fed. R. App. P. 4(a)(5). Though thirty days has passed from May 18, 2018,

/////

2

when judgment was entered, plaintiff filed the present motion on July 9, 2018, which was within thirty days thereafter.

For the reasons set forth herein, plaintiff's motion filed July 9, 2018 (Doc. No. 24) is granted and plaintiff's notice of appeal (Doc. No. 25) is deemed to have been timely filed.

IT IS SO ORDERED.

Dated: __**July 14, 2018**__                                   _____

                                             UNITED STATES DISTRICT JUDGE